UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEVIN MICHAEL HAUSFELD USELMAN,

        Plaintiff,

v.

MINNESOTA DEPARTMENT OF
HUMAN SERVICES,

        Defendant.

Civil No. 11-2913 (PJS/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff is a civilly committed detainee at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. MSOP is a treatment and detention facility operated by the named Defendant in this case – the Minnesota Department of Human Services. Plaintiff commenced this action by filing a three-page self-styled complaint, in which he claims that some of his rights under Minnesota state law have been violated while he has been detained at MSOP.[1] Plaintiff broadly alleges that –

---

[1] Plaintiff's complaint includes several unexplained references to the First, Eighth, and Fourteenth Amendments to the federal Constitution, but the complaint does not specifically allege that any particular events or circumstances violated Plaintiff's constitutional rights.

(i) he has been subjected to "experimental research;"

(ii) he has been given medications that have caused tremors;

(iii) he has been watched by unnamed individuals while showering;

(iv) his mail has been read by unnamed MSOP employees;

(v) he has not been allowed adequate storage space for his personal property; and

(vi) he is not allowed to purchase products from any vendor of his choosing.

(Complaint, [Docket No. 1], p. 2, clauses (a) - (f).)

Plaintiff further claims that he has been cajoled into making admissions about his past that have somehow been used against him. (Id., p. 3, ¶s 6-7.) He also claims that his attorney did a poor job of representing him during and after the hearings that resulted in his confinement. (Id., p. 3, ¶ 7.)

Based on the broad allegations set forth in Plaintiff's complaint, he is now seeking a judgment against the Minnesota Department of Human Services in the amount of $5,000,000.00.[2] Such relief, however, is not available in federal court.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted, or

---

[2] Plaintiff also vaguely states that he wants to "move in with [his] mom." (Complaint, p. 3, "Relief Requested," ¶ 1.) However, if Plaintiff is seeking a federal court order that would cause him to be released from his confinement at MSOP, he will have to apply for such relief by filing a petition for a writ of habeas corpus. A federal court cannot entertain a request for release from custody in a non-habeas civil action. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). See also Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"). Needless to say, the Court is not suggesting that Plaintiff should file a habeas corpus petition in federal court. Indeed, nothing in Plaintiff's current submissions indicates that he has any grounds for seeking federal habeas review of his current confinement. The Court is merely pointing out that Plaintiff cannot seek release from custody in a non-habeas civil action.

if the applicant is attempting to sue a party who is legally immune from suit.  28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the only named Defendant is the Minnesota Department of Human Services, which is an agency of the State of Minnesota.  Because Defendant is a state agency, it is constitutionally immune from suit in federal court.  Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988).

The Eleventh Amendment to the Constitution prohibits individuals from suing states and their agencies in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express statutory provision.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).  Plaintiff's complaint includes no allegations suggesting that the State of Minnesota has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate Defendant's constitutional immunity.  Thus, the Court finds that the named Defendant is immune from Plaintiff's current lawsuit under the Eleventh Amendment.

Because the sole Defendant in this case is immune from being sued in federal court, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2).

**III. RECOMMENDATION**

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).


Dated: October 21, 2011          s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **November 7, 2011**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.